Edgar Antonio ALVAREZ–ROMERO, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–76103.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 23, 2007.

Manuel F. Rios, III, Esq., Rosaura D. Rodriguez, Esq., Rios Cantor, PS, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Janice K. Redfern, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Daniel R. Cooper, Esq., Office of the U.S. Attorney, Federal Bldg. & U.S. Courthouse, Anchorage, AK, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Edgar Antonio Alvarez–Romero, a native and citizen of El Salvador, petitions for review of the Board of Immigration

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Appeals' decision that affirmed the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Aruta v. INS,* 80 F.3d 1389, 1393 (9th Cir.1996), and we deny the petition.

Substantial evidence supports the IJ's finding that Alvarez–Romero failed to establish that the harm he experienced during his encounters with the Mara Salvatrucha gang, where they tried to recruit him to join or demanded money, was on account of a protected ground. *See Gormley v. Ashcroft,* 364 F.3d 1172, 1177 (9th Cir. 2004) (random criminal acts bore no nexus to a protected ground).

Because Alvarez–Romero failed to satisfy the lower standard of proof for asylum, it necessarily follows that he failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.